STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-425


CITY OF ABBEVILLE

VERSUS

TERRY TOUCHET


**********

APPEAL FROM THE
ABBEVILLE CITY COURT
ABBEVILLE CITY COURT, NO. CT 90744
HONORABLE RICHARD PUTNAM, III, CITY COURT JUDGE

**********

**OSWALD A. DECUIR**
**JUDGE**

**********

Court composed of Oswald A. Decuir, J. David Painter, and Shannon J. Gremillion, Judges.

**Painter, J., dissents and assigns written reasons.**

                                                          **AFFIRMED.**


**Ronald W. Melebeck**
**Attorney at Law**
**124 N. State Street, Suite 300**
**Abbeville, LA 70510**
**(337) 893-5776**
**Counsel for Defendant/Appellant:**
        **Terry Touchet**

**Bart J. Bellaire**
**Edwards & Bellaire**
**P.O. Box 217-0217**
**Abbeville, LA 7051**
**(337) 893-2884**
**Counsel for Plaintiff/Appellee:**
      **City of Abbeville**

**DECUIR, Judge.**

Terry Touchet appeals a judgment of forfeiture rendered against him following his conviction and sentence for aggravated assault, a misdemeanor. For the following reasons, we affirm.

While preparing for Hurricane Gustave, Terry Touchet and his neighbor, Tim Briggs, engaged in an argument over a trench dug by Briggs on their property line. Both men were standing in their respective yards, and Briggs was accompanied by his brother-in-law, Albert Hoffpauir. The testimony shows that Touchet had a gun, a Colt 45 Government Special, in his possession. The evidence is in dispute, however, as to whether Touchet was holding the gun or it was simply nearby. The evidence is also unclear as to whether the gun was in a pouch or out in the open. In any event, Touchet did not point the gun at Briggs, nor did he fire any shots. Briggs testified that once he noticed the gun, he turned around, went inside his house, and called the police.

The investigating officer spoke to Touchet, then seized the Colt 45. Touchet was charged with aggravated assault, in violation of La.R.S. 14:37, and was convicted. The trial court specifically found that Touchet was in possession of a gun and that Briggs had a reasonable apprehension of receiving a battery from the use of the gun. Upon sentencing, the City moved for forfeiture of the gun under La.Code Crim.P. art. 891, which provides in pertinent part:

> In addition to ordering the forfeiture of a firearm or dangerous weapon as crime-related contraband as otherwise provided in this Article or by any other provision of law, when a court sentences a defendant, it may order the forfeiture of any weapon used in connection with the offense or found in the possession or under the immediate control of the defendant at the time of the arrest. The court may provide for the destruction, sale, or other disposition of the weapons forfeited.

La.Code Crim.P. art. 891(E). The trial court granted the City's motion, finding that Touchet's Colt 45 was the gun used in the commission of the aggravated assault. Touchet was sentenced to two days in jail, suspended, and the payment of a $200.00 fine.

Touchet raises two assignments of error for our review. First, he asserts the City failed to prove the Colt 45 was the actual gun used in the assault or that it was in Touchet's possession or control. He argues the gun was not introduced into evidence by the City and the testimony describing the gun was inconsistent. To the contrary, the City cites from the record Touchet's admission that he had the gun outside with him at the time of the argument, although he stated it was in a pouch with the clip off to the side, and Touchet's specific description of the Colt 45 seized by the investigating officer immediately following the argument with Briggs. Accordingly, we find no manifest error in the factual conclusion that the Colt 45 seized and forfeited was the same gun used in the instant offense.

Touchet next questions the applicability of La.Code Crim.P. art. 891. He contends the statute provides for forfeiture of a weapon used in the commission of a felony, not in the commission of a misdemeanor such as aggravated assault. In support of this argument, Touchet cites Paragraph A of the statute which provides for the seizure of a weapon used in the commission of a felony offense. The City relies on the comprehensive language of Paragraph E which gives a sentencing court discretion to order forfeiture of any weapon used in the commission of an offense, or in the possession or control of a defendant, in circumstances additional to those described previously in the statute.

2

The trial court found merit to the City's position and ordered forfeiture of the Colt 45. We find no error in the trial court's decision. Given the inclusive and comprehensive language of Paragraph E, we believe the legislature intended to provide for the trial court's discretion to be exercised deliberately in individual cases which warrant the seizure and eventual forfeiture of a firearm or dangerous weapon.

For these reasons, the judgment rendered by the trial court is affirmed. Costs of the appeal are assessed to the Defendant, Terry Touchet.

**AFFIRMED.**

**CITY OF ABBEVILLE**

**VERSUS**

**TERRY TOUCHET**

**PAINTER, Judge, dissenting.**

The majority determines that the trial court was correct in issuing a judgment of forfeiture against Terry Touchet. I respectfully disagree, as I would find that La.Code Crim.P. art. 891 applies to felony convictions and not to misdemeanor convictions.

Louisiana Code of Criminal Procedure Article 891 reads, in pertinent part:

> A. For purposes of this Article, a firearm or other dangerous weapon either used in the commission of a felony offense or the use of which constitutes an element of a felony offense may be declared to be crime-related contraband which may be seized by a law enforcement officer in the course of an arrest or issuance of summons or may be seized by order of court pursuant to other provisions of law. The district attorney of the parish where the arrest or seizure occurred may petition the district court to forfeit to the seizing agency an item or thing seized, or may petition the court for seizure, upon a showing that the item or thing seized or to be seized constitutes crime-related contraband.

* * *

> E. In addition to ordering the forfeiture of a firearm or dangerous weapon as crime-related contraband as otherwise provided in this Article or by any other provision of law, when a court sentences a defendant, it may order the forfeiture of any weapon used in connection with the offense or found in the possession or under the immediate control of the defendant at the time of the arrest. The court may provide for the destruction, sale, or other disposition of the weapons forfeited.

This version of the article became effective with the 1994 amendment. The article previously read:

> When a court sentences a defendant, it may, in addition to the penalties otherwise prescribed by law, order the forfeiture of any weapon used in connection with the offense or found in the possession or under the immediate control of the defendant at the time of his arrest. The court also may provide for the destruction, sale, or other disposition of the weapons ordered forfeited.

Prior to the amendment, there was no distinction between a felony or misdemeanor offense. After the amendment, the wording was made clear that the "crime-related

contraband" was a firearm or other weapon used in the commission of a **felony** offense. There is nothing in the article itself or historical notes to indicate that the article is to be applicable to any thing other than felony offenses after the amendment. Based upon this, I find merit in Touchet's assertion that it stands to reason that since only crime-related contraband under section E can be forfeited, and section A defines crime-related contraband as a firearm used in connection with a felony, then the lower Court was clearly erroneous in ruling that the firearm at issue herein could be forfeited under La.Code Crim.P. art. 891. Accordingly, I would reverse the trial court's judgment and order the seized property returned to Touchet.

Furthermore, the record is clear that the seized property was never introduced into evidence. Even the majority opinion concedes that the testimony was in dispute as to whether Touchet was actually holding the gun at the time of the offense or whether it was simply nearby and as to whether the gun was in a pouch or out in the open. Based upon these disputes in the testimony, I would find that it was not adequately proven that the weapon seized was actually the weapon used in connection with the offense committed by Touchet. Accordingly, for this additional reason, I would find that the trial court's judgment of forfeiture must be reversed.

For these reasons, I respectfully dissent.