DECUIR, Judge.
11 Terry Touchet appeals a judgment of forfeiture rendered against him following his conviction and sentence for aggravated assault, a misdemeanor. For the following reasons, we affirm.
While preparing for Hurricane Gustave, Terry Touchet and his neighbor, Tim Briggs, engaged in an argument over a trench dug by Briggs on their property line. Both men were standing in their respective yards, and Briggs was accompanied by his brother-in-law, Albert Hoff-pauir. The testimony shows that Touchet had a gun, a Colt 45 Government Special, in his possession. The evidence is in dispute, however, as to whether Touchet was holding the gun or it was simply nearby. The evidence is also unclear as to whether the gun was in a pouch or out in the open. In any event, Touchet did not point the gun at Briggs, nor did he fire any shots. Briggs testified that once he noticed the gun, he turned around, went inside his house, and called the police.
The investigating officer spoke to Tou-chet, then seized the Colt 45. Touchet was charged with aggravated assault, in violation of La.R.S. 14:37, and was convicted. *279 The trial court specifically found that Tou-chet was in possession of a gun and that Briggs had a reasonable apprehension of receiving a battery from the use of the gun. Upon sentencing, the City moved for forfeiture of the gun under La.Code Crim.P. art. 891, which provides in pertinent part:
In addition to ordering the forfeiture of a firearm or dangerous weapon as crime-related contraband as otherwise provided in this Article or by any other provision of law, when a court sentences a defendant, it may order the forfeiture of any weapon used in connection with the offense or found in the possession or under the immediate control of the defendant at the time of the arrest. The court may provide for the destruction, sale, or other disposition of the weapons forfeited.
12La.Code Crim.P. art. 891(E). The trial' court granted the City’s motion, finding that Touchet’s Colt 45 was the gun used in the commission of the aggravated assault. Touchet was sentenced to two days in jail, suspended, and the payment of a $200.00 fine.
Touchet raises two assignments of error for our review. First, he asserts the City failed to prove the Colt 45 was the actual gun used in the assault or that it was in Touchet’s possession or control. He argues the gun was not introduced into evidence by the City and the testimony describing the gun was inconsistent. To the contrary, the City cites from the record Touchet’s admission that he had the gun outside with him at the time of the argument, although he stated it was in a pouch with the clip off to the side, and Touchet’s specific description of the Colt 45 seized by the investigating officer immediately following the argument with Briggs. Accordingly, we find no manifest error in the factual conclusion that the Colt 45 seized and forfeited was the same gun used in the instant offense.
Touchet next questions the applicability of La. Code Crim.P. art. 891. He contends the statute provides for forfeiture of a weapon used in the commission of a felony, not in the commission of a misdemeanor such as aggravated assault. In support of this argument, Touchet cites Paragraph A of the statute which provides for the seizure of a weapon used in the commission of a felony offense. The City relies on the comprehensive language of Paragraph E which gives a sentencing court discretion to order forfeiture of any weapon used in the commission of an offense, or in the possession or control of a defendant, in circumstances additional to those described previously in the statute.
IsThe trial court found merit to the City’s position and ordered forfeiture of the Colt 45. We find no error in the trial court’s decision. Given the inclusive and comprehensive language of Paragraph E, we believe the legislature intended to provide for the trial court’s discretion to be exercised deliberately in individual cases which warrant the seizure and eventual forfeiture of a firearm or dangerous weapon.
For these reasons, the judgment rendered by the trial court is affirmed. Costs of the appeal are assessed to the Defendant, Terry Touchet.
AFFIRMED.
PAINTER, J., dissents and assigns written reasons.